F. L. Mudd *v.* Harrison Rogers, Sheriff, et. al.

A surety who sues his principal to be indemnified on account of his liability, under Article 3026, C. C., is not entitled to garnishee a debtor of the principal, by propounding interrogatories, prior to judgment.

The surety of a Sheriff who is a defaulter for State taxes collected, and is insolvent, is entitled to a judgment against his principal for the amount of the defalcation—the officers executing the judgment, to pay into the Treasury the amount collected thereon.

APPEAL from the District Court of St. Landry.

*T. H. Lewis & Porter,* for plaintiff and appellant. *Mouton & Linton,* for defendant. *King,* for intervenors.

Merrick, C. J. This suit was instituted by the plaintiff, as one of the sureties of the defendant, *Harrison Rogers,* Sheriff of the parish of St. Landry, to compel the defendant to indemnify the plaintiff as such surety.

It appears that on the 23d day of May, 1848, the Sheriff and his sureties signed the official bond in favor of the Governor of the State, for the collection of the State taxes, of the year 1846, for the parish of St. Landry.

For a balance of the taxes of 1846, amounting to $8,484 74, as well as for the years of 1849 and 1850, (also for large amounts,) the Sheriff was reported by the Auditor in January, 1853, to be a defaulter.

This suit was instituted in February, A. D. 1853, praying that the defendant, *Rogers,* be decreed to indemnify the plaintiff, and also making the defendants, *T. C. Anderson & Co.,* parties, and propounding interrogatories on facts and articles to them, requiring them to disclose the amount of funds they have on hand, on deposit, belonging to the defendant *Rogers.*

*T. C. Anderson & Co.* answer the interrogatories, admitting that they have, in the aggregate, $8,650 45, due by them to *Harrison Rogers.*

Plaintiff asks in his brief that *T. C. Anderson & Co.* be decreed to pay the amount in their hands into the State Treasury, in order to indemnify the plaintiff as far as this sum goes against his liability as surety.

Certain sureties on the subsequent bonds of the Sheriff intervened and prayed that the fund in the hands of Messrs. *T. C. Anderson & Co.* be retained until the suits on the part of the State against *Rogers* and his sureties were decided, and that the sum be distributed equally among the " respondents."

The Judge of the lower Court dismissed the proceedings against *T. C. Anderson & Co.,* in the nature of a garnishment, and also dismissed the intervention. He decreed in general terms that the plaintiff be fully indemnified by the Sheriff *Rogers,* against the payment of the sum appearing due by the Auditor's report for the taxes of 1846.

The intervenors have not perfected their appeal by giving bond. The plaintiff alone brings up the record, and we are only required to pass upon the caase as presented by the original parties to it.

The plaintiff relies upon Articles No. 3026 and 3021, of the Civil Code for a reversal of the judgment, and insists that the sum of money in the hands of *T. C. Anderson & Co.* ought to be applied by a decree of this Court to the extinguishment *pro tanto* of the liability of *Rogers,* for the taxes of 1846, and that unless this be done, the Article of the Code will remain, as to this case, inoperative.

It is argued that, as the Article 3026 provides that the surety may bring his suit against the debtor to be indemnified, in the cases therein enumerated, that the mode adopted in this case, by way of garnishment, to compel *T. C. Anderson & Co.* to pay into the State Treasury the funds in their hands, is within the spirit and equity of the above-mentioned Article, and Article 21 of the Civil Code.

We think the difficulty arises in this case by supposing the word "indemnified," used in the Article No. 3026, has a more extensive signification than it really has.

If the plaintiff had actually paid the debt to the State he would not have had the right on the state of facts existing to commence his suit for re-payment by way of garnishment. It can therefore hardly be supposed that the Legislature intended to confer this extraordinary remedy in a case where there had been no payment at all. Were we to allow this mode of proceeding, it would give the surety a privilege upon such active debts of the principal debtor as he might choose to claim. The principle, once admitted, would extend also to the movables, immovables and slaves, and thus confer a complete privilege upon the surety, where the creditor himself would be invested with no such right, and, consequently, could not subrogate the surety to a right of which he was not the owner.

We think, therefore, that there is no error in the judgment of the lower Court, so far as it dismissed the proceedings against *T. C. Anderson & Co.*

We think, with the Judge of the lower Court, that the plaintiff is entitled to the indemnity provided by Article 3026 of the Civil Code. The evidence shows that the debt on account of the obligation to collect the taxes was due by the expiration of the term for which it was contracted. In other words, the Sheriff having failed to pay the balance due by him in the time required by law, was declared by the proper authority a defaulter.

The testimony tends strongly to show that he is also in insolvent circumstances.

It is difficult to conceive in what manner the judgment of the lower Court, which simply decrees that, "The plaintiff be fully indemnified by the said *Harrison Rogers*, as his surety on his bond for the year eighteen hundred and forty-six, against the sum appearing by the Auditor's report herein filed, to be due the State of Louisiana by the said *Harrison Rogers*, Sheriff, and the interest thereon accrued, and that the said *Rogers* fully indemnify said plaintiff against any eventual loss he may sustain, as his surety aforesaid, on his bond as collector of State taxes, for the year 1846," can be enforced. Who shall determine what is a compliance with this judgment? Does it require real or personal security?

The plaintiff, if entitled to anything, is entitled to a decree more definite in its terms. XIV Duranton, No. 359..

In this case we think the plaintiff should have judgment for the amount of the Sheriff's defalcation to the State for the tax of the year 1846, and the interest thereon allowed by law, and that the money made upon such judgment be paid into the State Treasury, in extinguishment of the balance of taxes due by the defendant for the taxes of the year 1846, and that any payment which the defendant, *Rogers*, shall make upon said balance of taxes for the year 1846 be credited upon this judgment.

82

It is therefore ordered, adjudged and decreed by the Court, that so much of the judgment of the lower Court as dismisses this suit as to *T. C. Anderson & Co.* be affirmed : And it is further ordered, adjudged and decreed, that the judgment against the said *Harrison Rogers* be avoided an d reversed ; and now proceeding to pronounce such judgment as should have been rendered by the lower Court, it is ordered, adjudged and decreed, that the plaintiff, *Ferdinand L. Mudd,* do have and recover judgment against said defendant, *Harrison Rogers,* for the said sum of eight thousand four hundred and eighty-four and seventy-four one-hundreths dollars, with interest thereon at the rate of ten per cent. per month, from the —— day of January, 1849, until paid, and that the officers charged with the execution of this judgment do pay into the State Treasury, and to the proper officer of the State of Louisiana, whatever sum may be made upon this judgment, to be imputed to the balance of taxes due by said *Rogers,* for the taxes of the year A. D. 1846 ; and it is further ordered, that whatever payment the said defendant may make to the State of Louisiana, on said balance of taxes, and interest thereon, for the year 1846, be allowed as a credit upon this judgment—it being understood that a satisfaction of said balance due the State for the taxes of the year 1846, and interest, is also a satisfaction of this jugment ; and it is further ordered that said defendant, *Rogers,* pay the costs in both Courts.